# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYDIA REBECCA GASKIN, et al<br>Plaintiffs, | : | |
| v. | : | No. 94-CV-4048 (E.D. Pa.) |
| COMMONWEALTH OF PENNSYLVANIA<br>DEPARTMENT OF EDUCATION<br>Defendants | : | |

## DEPARTMENT'S MEMORANDUM IN SUPPORT OF ITS
## RESPONSE TO PLAINTIFFS' MOTION FOR ENFORCEMENT

In September of 2005, the Court approved the Settlement Agreement between plaintiffs and the Department, thus ending the *Gaskin* litigation. Plaintiffs are now before the Court under the guise of a motion for enforcement in an attempt to use the Court to alter the terms of the Settlement Agreement. The plaintiffs are apparently unhappy with the agreement they negotiated and executed. Now, having cashed the Department's $2,175,000.00 check, they want to litigate some issues and add provisions to the settlement agreement that they now wish were there. The Court, however, lacks jurisdiction to consider plaintiffs' motion for enforcement or alter the terms of the Settlement Agreement. The Court should summarily reject and dismiss plaintiff's motion without a hearing.

### I.     The Court Lacks Jurisdiction to Enforce the Settlement Agreement.

In Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Enforcement, Plaintiffs cite to non-controlling[1] and outdated precedent to support their argument that specific performance should be awarded. Instead, *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994) controls the instant case. In that case, a settlement agreement was reached

---

[1] For example, Plaintiffs cite a D.C. Circuit case, *Village of Kaktovik v. National Wildlife Federation*, 689 F.2d 222 (D.C. Cir. 1982) and Wisconsin District Court case, *Indus. Assocs. v. Goff Corp*, 106 F.R.D. 260 (E.D. Wis. 1985). At another place in the memo, Plaintiffs rely on a Legal Encyclopedia to support their argument.

by the parties; sometime after the settlement agreement was entered, the parties disagreed over certain obligations under the agreement and litigation ensued. The court order approving the settlement agreement and dismissing the case, with prejudice did not reserve jurisdiction in the court to enforce the settlement agreement. Notwithstanding, the district court entered an enforcement order, asserting an inherent power to enter the order, despite a claim that the court lacked subject-matter jurisdiction. On appeal, the United States Court of Appeals for the Ninth Circuit affirmed, holding that "a district court ha[s] jurisdiction to decide the [enforcement] motion [ ] under its inherent supervisory power." *Kokkonen*, 511 U.S. at 377. The United States Supreme Court granted certiorari and reversed. Id.

Enforcing a settlement agreement is more than just a continuation or renewal of a dismissed suit and, therefore, requires its own basis for jurisdiction. Id. at 378. Holding that the district court had no jurisdiction to enforce the settlement agreement because the court did not embody the settlement contract in its dismissal order nor did it retain jurisdiction to enforce the settlement agreement, the Court reversed the Ninth Circuit. Id. at 381-82.

In holding this way, the Court rejected respondent's argument that jurisdiction was proper under the doctrine of ancillary jurisdiction. The Court noted that ancillary jurisdiction has generally been asserted for two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-380. Because neither purpose would have been furthered, the Court declined to find jurisdiction. Id. at 380-81.

The holding in *Kokkonen* is controlling in the instant case. When the *Gaskin* Settlement Agreement was entered, the Court dismissed the underlying case, with prejudice. Additionally,

the Court did not reserve jurisdiction to enforce the Settlement Agreement nor did the Court incorporate the Settlement Agreement into its Order. Instead, the Court dismissed the case with prejudice and retained limited "jurisdiction to enforce certain aspects of the Settlement Agreement as provided therein." *Gaskin v. Commonwealth*, 389 F. Supp. 2d 628, 647 (E.D. Pa. 2005). In regard to the Court's authority, the Settlement Agreement provides that when the Court entered its order formally dismissing *Gaskin* the Court would "relinquish jurisdiction over the case and the parties except as provided in Section IV.10(B) of the agreement." See, Settlement Agreement ¶ IV.10(A). Indeed, the Court's order states:

> IT IS FURTHER ORDERED that the case is DISMISSED WITH PREJUDICE. The court shall retain jurisdiction to enforce certain aspects of the Settlement Agreement as provided therein.

None of the agreed upon provisions in paragraph IV.10(B) reserve jurisdiction for enforcement of the Settlement Agreement, however. Because there is no mechanism in the Settlement Agreement for the Court to enforce the provisions of the Agreement, this Honorable Court lacks jurisdiction to consider Plaintiffs' Motion for Enforcement. Plaintiffs' Motion for Enforcement should be summarily rejected and dismissed by the Court without a hearing.

## II.     The Court's Limited Jurisdiction.

Paragraph IV.10(B) provides that the "the Court shall retain jurisdiction for the sole purpose of enforcing" the six covenants or undertakings listed in the paragraph. See, Settlement Agreement ¶ IV.10(B). The first three sections in paragraph IV.10(B) address the Department and plaintiffs' obligation to periodically identify areas of material non-compliance. The remaining sections of paragraph IV.10(B) set forth a mechanism to resolve disputes associated with identifying the action to be taken to remedy areas of material non-compliance. Plaintiffs do not ask the Court to enforce any of the covenants or undertakings listed in paragraph IV.10(B).

3

Rather, plaintiffs attempt to use the dispute resolution mechanism as a vehicle to expand the Settlement Agreement or otherwise litigate the matters that were resolved by the parties and dismissed by the Court, with prejudice, in September 2005. The Court should summarily reject and dismiss plaintiffs' attempt to expand the terms of the Settlement Agreement and/or engage in litigation.

### III. Plaintiffs Attempt to Use the Court's Limited Jurisdiction to Alter the Terms of the Settlement Agreement.

Plaintiffs seek the Court's intervention to obtain a Court order that is contrary to the provisions of the Settlement Agreement. More specifically, plaintiffs seek an order that will:

1. Enforce provisions of the Settlement Agreement;
2. Micromanage or oversee the Department's implementation of the Settlement Agreement;
3. Broaden the terms of the Settlement Agreement; and/or
4. Litigate the merits of the case.

There is no provision whatsoever in the Settlement Agreement that permits or even contemplates the actions sought by plaintiffs or the Court's entanglement in any respect. The Department has been implementing the Settlement Agreement in the manner the parties agreed to and has more than two years to satisfy its remaining obligations. Plaintiffs use a series of arguments or themes throughout their motion in an attempt to convince the Court to become involved in what amounts to litigation:

1. <u>Plaintiffs make statements that are not allegations of material breach.</u>

Pursuant to the Settlement Agreement, all such statements must be disregarded by the Court because the agreement only gives the Court jurisdiction to resolve disputes associated with the identification of a remedy when there is a material breach. Even if there is a material breach, however, the other means for reaching resolution – informal resolution and mediation – must have been exhausted.

4

2. <u>Plaintiffs ask the court to engage in dispute resolution when the other means for reaching resolution have not been exhausted.</u>

Paragraphs IV.10(B) and IV.10(C) require the parties to engage in mediation to try to resolve disputes associated with the identification of a remedy when there is a material breach. Without conceding that there was or is a material breach, the parties engaged in mediation and resolved three matters during two sessions. Without conceding that there is any material breach, the matters that plaintiffs seek to enforce are not even ripe for the Court to resolve because the issues were never subject to mediation. The issues plaintiffs seek to enforce in their motion are related to:

- Tier One LRE monitoring;
- Training and technical assistance and the use of the needs assessment;
- The provision of data, documents, and information to the Advisory Panel;
- Providing the IEP in languages other than English, and modifying the Early Intervention/Preschool IEP Format

3. <u>Plaintiffs resort to materials and issues that were raised during the litigation of this matter in an attempt to demonstrate that the Department is not complying with the Settlement Agreement.</u>

Plaintiffs reference information obtained during discovery, depositions, the fairness hearing, and even their Motion for Summary Judgment in an effort to say that the Department is not implementing the Settlement Agreement. The information is irrelevant to implementation of the Settlement Agreement. In essence, plaintiffs seek to litigate matters that were resolved in the Settlement Agreement. The Court lacks jurisdiction over matters that were previously resolved.

4. <u>Plaintiffs repeatedly ask to add obligations to the Settlement Agreement that are not contained within the already all-encompassing document that resolved the litigation.</u>

The Court lacks the jurisdiction to reopen the agreement and add terms. Moreover it is unnecessary to go beyond the terms of the Settlement Agreement because the agreement is being successfully implemented.

5. **Plaintiffs misuse or misapply the terms of the Settlement Agreement.**

Plaintiffs rely upon the opinions and advise that the Advisory Panel submits to the Department in an attempt to establish a breach. The Advisory Panel, however, is just that - *advisory* - with no role in judging or making findings related to compliance with the settlement agreement. By pointing to the Advisory Panel's work and attempting to use their work to demonstrate a breach, plaintiffs have interfered with the ability of the panel to work productively with the Department.

## IV. Conclusion

The relief sought by plaintiffs is not within the Court's jurisdiction. Discovery is not permitted under the agreement; therefore it cannot be ordered. A hearing is unnecessary because there is no breach, and plaintiffs are misusing the judicial part of the agreement to return to alter the Settlement Agreement and/or return to litigation. The Court should summarily reject and dismiss plaintiffs' motion for enforcement.

Respectfully submitted,

M. PATRICIA FULLERTON
Attorney Identification No. 47647
Assistant Chief Counsel
Pennsylvania Department of Education
333 Market Street, 9th Floor
Harrisburg, Pennsylvania 17126-0333
(717) 787-5500

JUDY SHOPP
Attorney Identification No. 25492
Chief Counsel
Pennsylvania Department of Education
333 Market Street, 9th Floor
Harrisburg, Pennsylvania 17126-0333
(717) 787-5500